UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23469-CIV-KING

CARMEN ROSADO,

     Plaintiff,

v.

CITY OF HIALEAH, a political subdivision
of Dade County, Florida, et. al.

     Defendants.

_____/

## ORDER GRANTING DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES

THIS CAUSE comes before the Court upon Defendants' Joint Motion to Strike

Plaintiff's Expert Disclosures (DE #34), filed July 7, 2010.[1]  Essentially, Defendants

move to strike Plaintiff's expert disclosures of April 23, 2010 on two grounds: 1) as

untimely under the parties Joint Rule 26(f) Planning Meeting Report (DE #25), filed

February 25, 2010; and 2) as failing to comply with disclosures requirements under both

the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules.  In

her Response to Defendants' motion, on July 14, 2010 Plaintiff agreed to strike all of her

proposed expert witnesses, while reserving the right to call those fifteen witnesses as fact

witnesses rather than as experts.  (DE #39 at 2).  Plaintiff, however, simultaneously

provided Defendants with new expert disclosures, including a "forensic orthopaedic"

---

[1] This matter has been well-briefed by the parties, as Plaintiff filed its Response (DE #39) to Defendants'
Joint Motion to Strike on July 14, 2010 and Defendants filed their Joint Reply (DE #41) on July 23, 2010.
Additionally, Defendants filed a Joint Supplemental Motion (DE #92) on August 10, 2010 seeking the
same relief.

expert and an expert in police procedure.[2]  Because of Plaintiff's agreement to strike her April 23, 2010 expert disclosures, the Court considers Defendants' motion moot as it applies to those experts.  Instead, this Court will address Plaintiff's July 14, 2010 disclosures.

Under the Joint 26(f) Planning Meeting Report, Plaintiff was required to make expert witness disclosures compliant with Federal Rule 26(a)(2) by April 16, 2010.  (DE #25 at 4-5).  Plaintiff disclosed its newest experts on July 14, 2010.  (DE #39 at 4); (DE #41 at 3).  All parties to this action agree that Plaintiff failed to meet the parties' deadline regarding those experts.

Plaintiff's failure to provide her proposed experts until July 14, 2010 is particularly troubling in light of the Court's Scheduling Order (DE #15), entered on December 14, 2009.  Under that Order, the parties were to complete all discovery by August 4, 2010.  (DE #15 at 3).  Plaintiff's failure to disclose her experts until only two weeks prior to that deadline is prejudicial to Defendants' ability to prepare a defense.

More importantly, at the time that Plaintiff disclosed her new experts, she failed to provide sufficient basis for her expert disclosures under both federal and local rules of civil procedure.  According to Fed. R. Civ. P. 26(a)(2)(B):

> Unless otherwise stipulated or ordered by the court, [expert disclosures] must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

---

[2] The record is unclear on the experts named by Plaintiff in her July 14, 2010 disclosures.  Defendants refer to a "forensic orthopaedic" expert, Dr. Alejandro Badia (DE #41 at 3, #92 at 3), while Plaintiff refers to an expert in police procedures, Richard Pichardo.  (DE #39 at 4).  For purposes of this Order, the Court assumes that Plaintiff's July 14, 2010 disclosure included one or both of these individuals.

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).[3]   When Plaintiff finally disclosed the identities of her July 14, 2010 expert witnesses to Defendants, she failed to provide any of the necessary documentation in support of her disclosure.   Instead, she submitted only the names of the expert witnesses she intends to call at trial.  (DE #39 at 4).

Defendants correctly note that, in the absence of the necessary disclosures, they cannot adequately prepare their defense.  Under *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008), Plaintiff's obligation to provide more than a preliminary indication of her experts has clearly not been satisfied here.   In *Reese*, the plaintiff had verbally informed the defendant of a new expert only twelve days before the close of discovery and failed to submit any expert report at that time. *Reese*, 527 F.3d at 1264-64.  The district court excluded the expert's proposed testimony and the Eleventh Circuit affirmed the district court's decision.  *Id*. at 1266. *See also Dyett v. N. Broward Hosp. Dist.*, No. 03-60804, 2004 WL 5320630, *1 (S.D. Fla. Jan. 21, 2004).

---

[3] Local Rule 16.1.K states that "written expert reports ... shall be exchanged by the parties no later than 90 days prior to the pretrial conference."  According to the Scheduling Order, the Pre-Trial Conference was scheduled for October 8, 2010.  Plaintiff's disclosure was therefore untimely by over a week under Local Rules 16.1.K in addition to its untimeliness under the parties Joint Rule 26(f) Planning Meeting Report. (DE #25 at 4-5).

In the instant case, Plaintiff not only failed to comply with the deadlines at issue here, but she also failed to provide any supporting documentation for her proposed experts' opinions, which has unduly prejudiced Defendants' ability to examine Plaintiffs experts and to prepare a defense.  Like in *Reese*, Plaintiff's failure to comply with the Court's Scheduling Order and the underlying rules of civil procedure mandates that the Court strike her proposed experts.  *See also Dyett*, 2004 WL 5320630 at *1-2.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Joint Motion to Strike Plaintiff's Expert Witness Disclosures (DE #34) of April 23, 2010 is **MOOTED** insomuch as Plaintiff has agreed to strike the fifteen named expert witnesses.

2. Defendants' Joint Motion to Strike Plaintiff's Expert Witness Disclosures (DE #34, 92) of July 14, 2010 is **GRANTED**.  Plaintiff's Expert Disclosures of July 14, 2010 are **STRICKEN** as both untimely and as insufficient under Fed. R. Civ. P. 26(a)(2)(B) and Local Rule 16.1.K.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of August, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff**
**Arthur Benjamin Calvin, Esq.**
3006 Aviation
Coconut Grove, FL 33133
305-444-8292
Fax: 856-6988
Email: abcalvinpa@gmail.com

**Counsel for Defendant City of Hialeah**
**Alan Edward Krueger, Esq.**
Hialeah City Attorney's Office
501 Palm Avenue
4th Floor
Hialeah, FL 33010
305-883-5853
Fax: 883-5896
Email: akrueger@hialeahfl.gov

**Counsel for Defendant Individual Officers**
**Devang B. Desai, Esq.**
Gaebe Mullen Antonelli & Dimatteo
420 S Dixie Highway
3rd Floor
Coral Gables, FL 33146
305-667-0223
Fax: 305-284-9844
Email: ddesai@gaebemullen.com