UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23469-CIV-KING

CARMEN ROSADO,

    Plaintiff,

v.

CITY OF HIALEAH, a political subdivision
of Dade County, Florida, et. al.

    Defendants.
_____/

## ORDER AFFIRMING STRIKING OF EXPERT DISCLOSURES AFTER RECONSIDERATION

THIS CAUSE comes before the Court on Plaintiff's Motion for Reconsideration (DE #96), filed August 20, 2010. By Order dated August 11, 2010, this Court granted Defendants' Joint Motion to Strike Plaintiff's Expert Witness Disclosures (DE #34, 92) of July 14, 2010 on the basis of Plaintiff's untimely compliance with its disclosure requirements.[1] Plaintiff essentially now moves the Court to reconsider its Order to strike Plaintiff's proposed expert witnesses on three grounds: 1) counsel's excusable neglect; 2) supposed compliance with deadlines other than the Court's Scheduling Order (DE #15); and 3) actual completion of discovery related to Plaintiff's delinquent expert disclosures. After reconsideration of the underlying Order,[2] the Court finds that all of Plaintiff's grounds for relief are meritless and

---

[1] There is some confusion in the record regarding Plaintiff's proposed number of experts, which this Court noted in its earlier Order striking Plaintiff's expert witness disclosures. (DE #93 at 2 n.2). Defendants refer to a "forensic orthopaedic" expert, Dr. Alejandro Badia (DE #41 at 3, #92 at 3), while Plaintiff refers to an expert in police procedures, Richard Pichardo. (DE #39 at 4). Yet, Defendants note that Plaintiff has provided no Rule 26 expert witness report for Dr. Badia, (DE #97 at 2), and has provided what it deems an inappropriate report for Mr. Pichardo. This issue, however, is mooted by the Court's affirmance of its earlier Order striking Plaintiff's expert witness disclosures.

[2] These issues have been amply briefed by all parties, as demonstrated by the following motions: on August 24, 2010, Defendants filed a Response in Opposition to Plaintiff's Motion for Reconsideration (DE #97); on August 24,

1

therefore denies Plaintiff's requested relief.

I.	Defendants' Motion to Strike Plaintiff's Experts

Defendants moved to strike Plaintiff's expert disclosures of April 23, 2010 on two grounds: 1) as untimely under the parties Joint Rule 26(f) Planning Meeting Report (DE #25), filed February 25, 2010; and 2) as failing to comply with disclosures requirements under both the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules.  In support, Defendants argued that Plaintiff had been required to disclose all expert witnesses by April 16, 2010.  Additionally, under the Local Rules Plaintiff was required to provide written summaries or reports relating to those expert witnesses no later than 90 days before October 8, 2010, which is the date of the Pre-Trial Conference according to the Court's Scheduling Order (DE #15). Defendant noted that Plaintiff failed to comply with that requirement, only serving its expert disclosures by July 14, 2010.

The Court found that Defendants were prejudiced by Plaintiff's failure to disclose necessary information in support of its proposed experts and the untimeliness of those disclosures under both the Local Rules and its Scheduling Order.  Therefore, the Court ordered those experts stricken  (DE #93), citing two cases: *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008); and *Dyett v. N. Broward Hosp. Dist.*, No. 03-60804, 2004 WL 5320630, *1 (S.D. Fla. Jan. 21, 2004).  In both those cases, Plaintiff's failure to comply with disclosure deadlines of experts was found unduly prejudicial and necessitated striking of those experts.

II.	Plaintiff's Motion to Reconsider

Plaintiff now moves this Court to reconsider its Order to strike Plaintiff's proposed

---

2010, Plaintiff filed a subsequent reply (DE #98); and Defendants filed yet another motion in Opposition (DE #99) one day later, August 25, 2010.

experts. Plaintiff cites three primary grounds for why its motion should be granted:[3] 1) counsel's excusable neglect; 2) supposed compliance with "a discretionary" period of time for expert disclosures; and 3) actual completion of discovery related to Plaintiff's delinquent expert disclosures.

A. Excusable Neglect

Regarding its first basis for reconsideration, Plaintiff's counsel states that its delays were engendered by an "inaccurate medical opinion." (DE #96 at 1-2). Specifically, counsel claims that the initial medical opinion it obtained indicated that Plaintiff's alleged elbow injury could only have resulted from a twisting motion, which Plaintiff claims refutes Defendant's theory of defense. Yet, counsel failed to obtain an appropriate medical expert because it "consumed time searching for medical experts for the elbow only to find that such experts are listed as hand and wrist experts." (DE #96 at 1-2). Moreover, when counsel finally obtained an appropriate expert, that expert's review "came as a surprise necessitating the Plaintiff to revise his [sic] litigation strategy." (DE #96 at 2).

It is unclear to this Court how Plaintiff attributes the delay engendered by its own actions to a supposed "inaccurate medical opinion." Instead, the Court finds that Plaintiff's first basis for relief is most comparable to excusable neglect and is insufficient to obtain the requested relief of reconsideration. Plaintiff has demonstrated no particular basis for any delay in obtaining expert reports. Plaintiff filed her Complaint (DE #1) with this Court on November 13, 2009. This Court propounded its Scheduling Order on December 14, 2009. Plaintiff's inability to obtain an expert summaries until July 14, 2010 is inadequate grounds for reversing the Court's

---

[3] Plaintiff also claims that the Court "misapprehend the record and/or the facts, and/or the law supporting its decision in this matter," (DE #96 at 1), yet fails to support that claim. Instead, Plaintiff cites its failure to obtain an appropriate medical opinion (DE #96 at 1-2); Defendants' strict compliance with its own response deadlines (DE #96 at 3; #98 at 1-5); and the completion of experts' depositions by the parties (DE #96 at 7-8). There is nothing in Plaintiff's motion that would indicate this Court misapprehended any aspect of the record.

3

earlier Order to strike.

B. Alleged Compliance with Other Deadlines

As its second basis for reconsideration, Plaintiff states that it complied with disclosure deadlines under Fed. R. Civ. P. 26(a)(2)(C)(a), which undermines this Court's Order to strike Plaintiff's expert witnesses. As with Plaintiff's first argument, Plaintiff misinterprets the law in arriving at its conclusion.

Plaintiff claims that, notwithstanding its admitted noncompliance with the parties' Joint 26(f) Planning Meeting Report requiring disclosure of experts by April 16, 2010, (DE #25 at 4-5), it nonetheless complied with a "discretionary period" that renders its tardy disclosures timely. According to Plaintiff, Federal Rule of Civil Procedure 26(a)(2)(C)(a) requires disclosures of expert witnesses and their reports, *absent a stipulation or court order to the contrary*, "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(C)(a). Here, trial was set for November 15, 2010 (DE #15) and Plaintiff therefore suggests that its disclosure on July 14, 2010 was timely as it was more than 90 days before trial was set.

As with Plaintiff's first basis for reconsideration, this argument fails. Here, Plaintiff not only failed to comply with the date of disclosure under the parties' Joint Rule 26(f) Planning Meeting Report, but also failed to comply with Local Rule 16.1K, requiring disclosure of expert witness summary or reports no later than 90 days before pretrial conference. Plaintiff's disclosure delayed any possible discovery regarding its proposed experts, notwithstanding the Court's Scheduling Order requiring the completion of all discovery by August 4, 2010. (DE #15 at 3). To be timely, expert witness summaries or reports needed to be exchanged no later than 90 days before pretrial conference and in ample time to permit discovery. Plaintiff's argument that

August 12, 2010 is the latest date for expect witness summaries or reports is thus contrary to this Court's Order.

### C. Actual Completion of Discovery

Plaintiff admits its service of expert disclosures was untimely.[4] Plaintiff also admits that its untimely disclosures necessitated 'both parties ... [to] sprint ... to schedule" the deposition of Mr. Pichardo. (DE #96 at 7). Yet, as its third basis for reconsideration, Plaintiff claims that because the parties actually completed all necessary discovery relating to Plaintiff's proposed expert, this Court should reconsider its Order to Strike. In support of his argument, Plaintiff states that the deposition of Mr. Pichardo was taken on July 29, 2010 and continued through August 3, 2010, prior to the end of discovery under the Court's Scheduling Order. Plaintiff further argues that Defendants have not been prejudiced by Plaintiff's untimely disclosure, since Plaintiff's proposed expert and Defendant's "inherent expertise are one in [sic] the same; law enforcement procedures." (DE #96 at 8).

The procedures of this Court require strict compliance. Regardless of whether Defendants were able to take the deposition of Mr. Pichardo, the fact remains that Plaintiff's expert disclosures were untimely under both the Local Rules and the Court's Scheduling Order. Procedural deadlines are not advisory. Instead, they are mandatory. Where such deadlines are ignored, it is well within this Court's authority to take appropriate action as it did here by striking Plaintiff's proposed expert witness disclosures.

Therefore, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that:

---

[4] For example, Plaintiff admits its expert disclosures were 87 days prior to the pretrial conference, even though the Local Rules of the Southern District of Florida mandate disclosure more than 90 days before. (DE #96 at 9). Even this admission disregards Plaintiff's failure to comply with its own agreed-upon deadlines under the Joint Rule 26(f) Planning Meeting Report.

5

1. After reconsidering its Order Granting Joint Defendants' Motion to Strike Plaintiff's Expert Disclosures (DE #93), this Court reaffirms its Order and **DENIES** Plaintiff's Motion for Reconsideration (DE #96).

2. Defendants' combined Supplemental Motion to Strike Plaintiff's Expert Disclosures and Motion to Strike Plaintiff's Untimely Notice of Compliance (DE #92) is **DENIED AS MOOT**.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 26th of August, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiff**
**Arthur Benjamin Calvin, Esq.**
3006 Aviation
Coconut Grove, FL 33133
305-444-8292
Fax: 856-6988
Email: abcalvinpa@gmail.com

**Counsel for Defendant City of Hialeah**
**Alan Edward Krueger, Esq.**
Hialeah City Attorney's Office
501 Palm Avenue
4th Floor
Hialeah, FL 33010
305-883-5853
Fax: 883-5896
Email: akrueger@hialeahfl.gov

**Counsel for Defendant Individual Officers**
**Devang B. Desai, Esq.**
Gaebe Mullen Antonelli & Dimatteo

420 S Dixie Highway
3rd Floor
Coral Gables, FL 33146
305-667-0223
Fax: 305-284-9844
Email: ddesai@gaebemullen.com